**Order entered January 9, 2019**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00391-CR

**FRANK PAUL CELAYA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F12-52876-U**

## ORDER

We **REINSTATE** this appeal.

Appellant's brief, due August 24, 2018, has not been filed. We notified appellant by postcard dated August 28th that the brief was overdue. On September 7, 2018, appellate counsel filed a letter, notifying the Court that: (1) she has been unable to reach appellant; (2) on June 7, 2018, the trial court granted appellant's motion for shock probation; and (3) appellant's trial court counsel informed appellate counsel that it was likely appellant no longer wished to pursue the appeal because appellant wanted shock probation. Although we ordered the trial court to conduct a hearing, we have not received any findings or record, nor have we heard from appellate counsel.

Under the rules of appellate procedure, this Court may dismiss an appeal when a motion to dismiss, signed by both appellant and his attorney, has been filed. *See* TEX. R. APP. P. 42.2(a). Absent such a motion, the appeal may not be voluntarily dismissed. The rules also provide that if appellate counsel fails to file a brief, the Court "must order the trial court to immediately conduct a hearing to determine whether the appellant desires to prosecute his appeal." *See* TEX. R. APP. P. 38.8(b)(2), (3). When this occurs, the trial court "must conduct any necessary hearings, make appropriate findings and recommendations, and have a record of the proceedings prepared" and that record must be sent to the appellate court. *See* TEX. R. APP. P. 38.8(b)(3).

In this appeal, counsel states she is unable to locate her client and it is "likely" appellant no longer wishes to pursue an appeal; counsel does not state what methods she has used to locate her client, including whether she has contacted appellant's probation officer. To date, no brief or properly signed motion to dismiss has been filed.

We again **ORDER** the trial court to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal, (2) whether appellant has abandoned the appeal, and (3) what efforts trial counsel has taken to locate and communicate with appellant. *See* TEX. R. APP. P. 38.8(b). If the trial court cannot obtain appellant's presence at the hearing, the trial court shall conduct the hearing in appellant's absence. *See Meza v. State*, 742 S.W.2d 708 (Tex. App.–Corpus Christi 1987, no pet.) (per curiam). If appellant is indigent and does desire to prosecute the appeal, the trial court is **ORDERED** to take such measures as may be necessary to assure effective representation, which may include appointment of new counsel.

We **ORDER** the trial court to transmit a record of the proceedings, which shall include written findings and recommendations, to this Court within **TWENTY DAYS** of the date of this order.

We **DIRECT** the Clerk to send a copy of this order, **BY CERTIFIED MAIL RETURN RECEIPT REQUESTED**, to the Honorable Stephanie Mitchell, Presiding Judge, 291st Judicial District Court and to Tara Cunningham.  In addition, we **DIRECT** the Clerk to send a copy of this order by electronic mail to the Dallas County District Attorney's Office.

This appeal is **ABATED** to allow the trial court to comply with the above order.  The appeal shall be reinstated twenty days from the date of this order or when the findings are received, whichever is earlier.

/s/ ROBERT D. BURNS, III
CHIEF JUSTICE